UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **CATRISHA MICKLE**<br>Individually and on behalf<br>of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**SAGORA SENIOR LIVING, INC.**<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION PURSUANT<br>TO FED. R. CIV. P. 23(b)(3)** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Catrisha Mickle ("Mickle" or "Plaintiff") brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for Sagora Senior Living, Inc. (hereinafter "Defendant" or "Sagora"), at any time from January 28, 2016 through the final disposition of this matter seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and Texas common law.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while her state-law claims are asserted as a class action under Federal Rule of Civil Procedure 23 ("Rule 23"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

### I.
### OVERVIEW

1.  This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and a Rule 23 class action pursuant to the law of the State of Texas.

2.      Plaintiff and the Putative Class Members are those similarly situated persons who have worked for Sagora in its retirement communities throughout the United States within the last three years and have not been paid for all hours worked or the proper amount of overtime in violation of state and federal law.

3.      Specifically, Sagora has enforced a uniform company-wide policy wherein it systematically reduced the hours of its non-exempt hourly nursing assistants—Plaintiff and the Putative Class Members—causing them to perform work off-the-clock and without pay.

4.      Sagora's illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5.      Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half times their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.      Sagora knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked and the proper amount of overtime each workweek on a routine and regular basis during the relevant time period.

7.      Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Texas law.

8.      Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under their Texas state-law claim as a Rule 23 class action.

9. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Mickle designated herein be named as the Class Representative for the Texas Common-Law Class.

## II.
## THE PARTIES

11. Plaintiff Catrisha Mickle ("Mickle") was employed by Sagora within the relevant time period. Plaintiff Mickle did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former nursing assistants who were employed by Sagora at any time from January 28, 2016 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Mickle worked and was paid.

13. The Texas Common-Law Class Members are those current and former nursing assistants who were employed by Sagora in the State of Texas at any time from January 28, 2015 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Mickle worked and was paid.

14. Defendant Sagora Senior Living, Inc. ("Sagora" or "Defendant") is a foreign for-profit corporation, licensed to and doing business in Texas, and can be served with process through its registered agent: **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.**

---

[1] The written consent of Catrisha Mickle is hereby attached as Exhibit "A."

## III.
## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16. This Court has supplemental jurisdiction over the additional Texas state-law claims pursuant to 28 U.S.C. § 1367.

17. This Court has personal jurisdiction over Sagora because the cause of action arose within this District as a result of Sagora's conduct within this District and Division.

18. Venue is proper in the Eastern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, Sagora has maintained a working presence throughout this District and Division, and Plaintiff Mickle performed work for Sagora in this District and Division.

20. Venue is proper in this this District pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

21. Sagora Senior Living, Inc. ("Sagora") "provides customized lifestyles and care for independent senior living, assisted living, and memory care in Texas, Oklahoma, Florida, [and] Alabama."[2]

22. Plaintiff and the Putative Class Members' job duties consisted of providing care for Sagora's residents, including feeding and showering some of the residents, and assisting Sagora's nurses.

23. Plaintiff Mickle was employed by Sagora as a nursing assistant in Kingwood, Texas from approximately March 2018 until October 2018.

---

[2] https://www.sagora.com/communities/

24. Plaintiff and the Putative Class Members are non-exempt employees that were (and continue to be) paid by the hour. Specifically, Plaintiff Mickle was paid $13.25 per hour for her work as a nursing assistant.

25. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per workweek, but were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

26. Nor were Plaintiff and the Putative Class Members paid for all hours worked.

27. When calculating Plaintiffs and the Putative Class Members' hours each pay period, Sagora systematically deducted (and continues to deduct) time from Plaintiff and the Putative Class Members' daily on-the-clock hours in violation of the FLSA and Texas common law.

28. Specifically, many of Plaintiff Mikle's time cards reflected that they had been "edited"—always reducing her hours worked—often by as much as ten (10) hours in a pay period.

29. Sagora intentionally deducted hours worked from Plaintiff and the Putative Class Members in order to not pay the full and correct amount of overtime.

30. Sagora's systematic deduction of time from Plaintiff and the Putative Class Members' hours worked, which is commonly referred to as "time-shaving," resulted (and continues to result) in Plaintiff and the Putative Class Members' working hours for which they were (and are) not compensated in violation of the FLSA.

31. As a result of Sagora's company-wide policy and practice of intentionally deducting their hours, Plaintiff and the Putative Class Members have not been compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

32. Sagora has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

33. Sagora is aware of its obligation to pay for all hours worked and to pay the proper amount of overtime for all hours worked over forty (40) each week, but has failed to do so.

34. Because Sagora did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, Sagora's pay policies and practices violate the FLSA.

35. Because Sagora did not pay Plaintiff and the Putative Class Members for all hours they worked on behalf of Sagora, Sagora's pay policies and practices also violate Texas common law.

## V.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A.  FLSA COVERAGE**

36. Plaintiff and the Putative Class Members incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

37. The FLSA Collective is defined as:

**ALL HOURLY NURSING ASSISTANTS WHO WERE EMPLOYED BY SAGORA SENIOR LIVING, INC. AT ANY TIME FROM JANUARY 28, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

38. At all times hereinafter mentioned, Sagora has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

39. At all times hereinafter mentioned, Sagora has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

40. At all times hereinafter mentioned, Sagora has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1)(B), in that said enterprise is an institution engaged in the care of the sick,


the aged, or the mentally ill or defective who reside on the premises of such institution, and in that said enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

41. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Sagora, these individuals provided services for Sagora that involved interstate commerce for purposes of the FLSA.

42. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

43. Specifically, Plaintiff and the FLSA Collective Members have been non-exempt employees of Sagora who assisted individuals who, in some instances, were out-of-state residents at the facilities in question. 29 U.S.C. § 203.

44. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

45. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 37.

46. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Sagora.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

47. Sagora violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–07, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours

without compensating such non-exempt employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

48. Moreover, Sagora knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

49. Sagora knew or should have known its pay practices were in violation of the FLSA.

50. Sagora is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

51. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Sagora to pay overtime in accordance with the law.

52. The decision and practice by Sagora to not pay overtime was neither reasonable nor in good faith.

53. Accordingly, Plaintiff and the FLSA Collective Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C.    COLLECTIVE ACTION ALLEGATIONS

54. All previous paragraphs are incorporated as though fully set forth herein.

55. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all of Sagora's employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

56. Other similarly situated employees have been victimized by Sagora's patterns, practices, and policies, which are in willful violation of the FLSA.

57. The FLSA Collective Members are defined in Paragraph 37.

58. Sagora's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required from the FLSA, results from generally applicable policies and practices of Sagora and does not depend on the personal circumstances of Plaintiff or the individual FLSA Collective Members.

59. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

60. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

61. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

62. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

63. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Sagora will retain the proceeds of its rampant violations.

64. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

65. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 37 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of Texas Common Law)

**A.    VIOLATIONS OF TEXAS COMMON LAW**

66. All previous paragraphs are incorporated as though fully set forth herein.

67. Plaintiff Mickle further brings this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

68. The Texas Common-Law Class is defined as:

**ALL HOURLY NURSING ASSISTANTS WHO WERE EMPLOYED BY SAGORA SENIOR LIVING, INC. IN THE STATE OF TEXAS AT ANY TIME FROM JANUARY 28, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Texas Common-Law Class" or "Texas Class Members").**

69. The Texas Common-Law Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Sagora. These claims are independent of Plaintiff's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014).

70. The Texas Common-Law Class Members provided valuable services for Sagora, at Sagora's direction and with Sagora's acquiescence.

71. Sagora accepted the Texas Common-Law Class Members' services and benefited from their timely dedication to Sagora's policies and adherence to Sagora's schedule.

72. Sagora was aware that Plaintiff and the Texas Common-Law Class Members expected to be compensated for the services they provided to Sagora.

73. Sagora has therefore been benefited from services rendered by Plaintiff and the Texas Common-Law Class Members and Plaintiff and the Texas Common-Law Class Members are entitled to recover pursuant to the equitable theory of *quantum meruit*.

**B.    TEXAS COMMON-LAW CLASS ALLEGATIONS**

74.    Plaintiff Mickle brings her Texas Common-Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Sagora to work in Texas since January 28, 2015. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004.

75.    Class action treatment of the Texas Common Law Class Members is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

76.    The number of Texas Common-Law Class Members is so numerous that joinder of all class members is impracticable.

77.    Plaintiff Mickle is a member of the Texas Common-Law Class, her claims are typical of the claims of the other Texas Common Law Class Members, and she has no interests that are antagonistic to or in conflict with the interests of the other Texas Common Law Class Members.

78.    Plaintiff Mickle and her counsel will fairly and adequately represent the Texas Common Law Class Members and their interests.

79.    Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

80.    Accordingly, the Texas Common Law Class should be certified as defined in Paragraph 68.

## VI.
## RELIEF SOUGHT

Plaintiff respectfully prays for judgment against Sagora as follows:

a.    For an Order certifying the FLSA Collective as defined in Paragraph 37 and requiring Sagora to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.  For an Order certifying the Texas Common-Law Class as defined in Paragraph 68, and designating Plaintiff Mickle as Representative of the Texas Common-Law Class;

c.  For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d.  For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

e.  For an Order pursuant to Section 16(b) of the FLSA finding Sagora liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

f.  For an Order pursuant to Texas Common Law awarding Plaintiff Mickle and the Texas Common-Law Class Members unpaid wages and other damages allowed by law;

g.  For an Order awarding the costs and expenses of this action;

h.  For an Order awarding attorneys' fees;

i.  For an Order awarding pre-judgment, post-judgment and moratory interest at the highest rates allowed by law;

j.  For an Order awarding Plaintiff Mickle a service award as permitted by law;

k.  For an Order compelling the accounting of the books and records of Sagora, at Sagora's own expense;

l.  For an Order providing for injunctive relief prohibiting Sagora from engaging in future violations of the FLSA and Texas state law, and requiring Sagora to comply with such laws going forward; and

m. For an Order granting such other and further relief as may be necessary and appropriate.

Date: January 28, 2019

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
carter@a2xlaw.com
**George Schimmel**
Texas Bar No. 24033039
geordie@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**Attorneys in Charge for Plaintiff and the Putative Class Members**